Daniel T. KOSIOREK, on behalf of himself and as representative plaintiff on behalf of all persons similarly situated in the Commonwealth of Pennsylvania,

v.

**FIRST NATIONAL MONETARY CORPORATION.**

Civ. A. No. 83–333 Erie.

United States District Court, W.D. Pennsylvania.

Jan. 27, 1984.

Andrew J. Conner, James E. Blackwood, Erie, Pa., for plaintiff.

John M. McLaughlin, Erie, Pa., Peter B. Kupelian, Southfield, Mich., for defendant.

## MEMORANDUM

WEBER, District Judge.

Plaintiff was speculating on the price of silver in the future and lost a great deal of money for a person in his economic circumstances. He brought this lawsuit against the financial entity with which he was dealing in an effort to recoup his losses. From the amount of documents generated at this very early stage in the litigation plaintiff might have done much better had he invested in the industry which produces writing paper.

The action was filed in the Common Pleas Court of this state and was removed to this United States District Court on a petition by defendant showing that the complaint revealed both that there was complete diversity of citizenship and that it was based in part upon the laws of the United States. Defendant then filed a stipulation for an enlargement of time to file an answer. The answer was in the form of a wide angle, broad spectrum, multi-faceted Motion to Dismiss under F.R.C.P. 12(b)(6) and 9(b) on all seven counts of plaintiff's complaint, and/or to stay pending the resolution of certain administrative proceedings involving one of the issues. The motion was supported by voluminous exhibits of evidentiary materials and a very thick brief. We noted that because of the inclusion of the evidentiary materials the matter would be treated as a motion under F.R.C.P. 56 for summary judgment. We

ordered a Response and brief. Plaintiff requested an enlargement of time to respond and now we have his response with supporting evidentiary materials and brief, which are again formidable documents.

■ Considering the defendant's points separately we first face the request for a stay of proceedings pending the outcome of administrative proceedings before the Commodity Futures Trading Commission. We have no idea when the Commission may determine the issue before it, but we can well foresee another period of appellate procedures thereafter. The questions there posed affect only a part of plaintiff's multipronged complaint, and there is no reason to delay plaintiff's case for the anticipated lengthy period of these proceedings. The preparation of the present case for trial will undoubtedly require much time and the Court can be kept informed of the progress or result of other litigation.

■ Defendant argues that plaintiff's Counts II, III, IV and VI should be dismissed for failure to plead the alleged fraud with particularity under the requirement of F.R.C.P. 9(b). When we examine plaintiff's 21 page complaint we find the allegations of fraud particularized, but in any event, plaintiff has now filed an affidavit of 7 pages, plus exhibits, that spell out the particulars in great detail, more than sufficient to meet the most demanding requirement of particularity.

Defendant argues that Counts V and VI of plaintiff's complaint, which are based on state statutory rights, should be dismissed because Congress, in enacting the Commodity Exchange Act has preempted this field of regulation. However we are somewhat confused by the rather equivocal nature of this argument when compared with defendant's other arguments that the transactions in question are not subject to or are exempt from the statutory and regulatory scheme enacted by Congress upon which plaintiff relies in Counts I, II and III of his complaint. While there is no requirement that lawyers be consistent, in the higher realms of philosophy this would appear to be a Catch-22.

Defendant's main attack is pointed toward plaintiff's federal causes of action asserted in Counts I, II, and III of the complaint. Both parties rely heavily on what was produced in the administrative proceedings before the administrative law judge in the enforcement proceedings brought before the Commodity Futures Trading Commission in *In re F.N.M.C. and Monex, C.F.T.C.* Docket Nos. 79–56 and 79–57.

■ The arguments for and against the application of the sections of the Commodity Exchange Act, as amended, largely depend on references to the testimony produced in the evidentiary hearing in the administrative proceeding. They are largely summaries or quotations from expert opinion testimony produced there. Defendant has buttressed this testimony by three affidavits containing further opinion testimony as to the nature of the contracts here. Because the testimony of the administrative hearing revealed a contested issue of fact, and because this same defendant contests the findings of the administrative judge there, it certainly cannot argue now that there are no contested issues of fact. In short, we do not believe that the evidentiary material now produced by defendant in support of its motion is of sufficient quality to support a motion for summary judgment, and therefore it does not support a Rule 12 motion to dismiss.

Finally, defendant argues that plaintiff lacks standing to sue under the federal statutes that he relies upon for the causes of action set forth in Counts I, II, and III. Defendant attempts to distinguish the holding in *Merrill Lynch, Pierce, Fenner & Smith v. Curran*, 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982) as applicable only to certain types of transactions under the Commodity Exchange Act. However, because we are unable to determine on this record the exact nature of this type of investment and its place in the statutory scheme, we cannot determine standing at this stage.

It must be remembered that we entertain this action not only under federal question jurisdiction but also under diversity jurisdiction, where a broad range of causes of action have been pleaded. Standing only applies to the federal claims, which we cannot determine at this time. It has no application to the state law claims.

 Finally, lest we be accused of failing to cite an adequate body of case authority, we rely on *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) for the proposition that a complaint is not subject to dismissal unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations.

For the reasons set forth above, the Motion to Dismiss will be denied in its entirety without prejudice to its reconsideration in whole or in part on a more fully developed record.